UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                     No. 99-4788

REGINALD TONY BOST,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-98-491-MJG)

Submitted: November 3, 2000

Decided: November 21, 2000

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thanos Kanellakos, THANOS KANELLAKOS, P.C., Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Angela R. White, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Reginald Tony Bost appeals the district court's denial of his motion to withdraw his guilty plea to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2000). Finding no abuse of discretion, we affirm the district court's denial of the motion and affirm Bost's conviction.

After entering a plea agreement on the second day of his trial, Bost pled guilty to the single count indictment. The district court conducted a thorough and comprehensive inquiry in accordance with Fed. R. Crim. P. 11, determined that Bost was pleading guilty knowingly and voluntarily, and accepted his plea. Approximately three weeks later, Bost sought to withdraw his plea, asserting that his plea was involuntary due to duress and ineffective assistance of counsel, and that he was innocent. At the hearing on the motion to withdraw, Bost, represented by new counsel, testified that his guilty plea resulted from pressure exerted by his previous attorney, that he had asserted his innocence to that attorney at every opportunity, and that he was scared on the day of trial because he did not feel his attorney had adequately prepared for trial as he had requested.

Bost's previous attorney also testified. He explained his evaluation of the merits of Bost's case and that he had thoroughly discussed this evaluation with Bost, as well as the possible defenses available. He believed that Bost fully understood the plea agreement and the advantages of pleading guilty under the sentencing guidelines, and that Bost entered his plea voluntarily. Finally, he stated that his evaluation of the case led him to conclude that he could not produce evidence to support a valid defense to the charge, and that there were no meritorious pretrial motions. The district court denied the motion to withdraw. On appeal, Bost contends that the district court erred in failing to grant his motion to withdraw because his guilty plea was not voluntary and that he has and continues to assert his innocence.

This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). A defendant bears the burden of demonstrating to the

district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 32(e). We consider six factors when reviewing whether the trial court abused its discretion in denying a motion to withdraw a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). On appeal, Bost's contentions are limited to the first two factors in this analysis.

Relying on Bost's statements during the plea hearing held pursuant to Fed. R. Crim. P. 11, the district court determined that Bost failed to offer credible evidence that his plea was not knowing and voluntary. *See United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (stating that properly conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding."). Our review of the record reveals no error in this finding.

The court also found that Bost failed to credibly assert a claim of legal innocence. During the Rule 11 inquiry, Bost swore under oath that he committed the charged crime. He also agreed to a detailed statement of facts, incorporated into his plea agreement, that described his involvement in the conspiracy and distribution of heroin, and reiterated his agreement with these facts during the plea inquiry. Moreover, during the sentencing hearing, Bost admitted under oath that he knew he was being used by the leaders of the conspiracy to distribute drugs. Contrary to Bost's assertions, his statements under oath, rather than denying his guilt, merely sought to minimize his role in the conspiracy. The district court did not err in finding that Bost's assertions of innocence were not credible. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Our review reveals that the district court did not abuse its discretion in denying Bost's motion to withdraw his guilty plea. Accordingly, we deny relief on this claim and affirm Bost's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*